No. 64.—THE JUSTICES OF THE INFERIOR COURT OF DOUGHERTY COUNTY, plaintiff in errror, *vs.* GEORGE W. CROFT, defendant in error.

[1.] When there is a mere breach of a personal contract, for which the defendant is liable in damages, and it is not shown that irreparable injury will result, unless the contract be specifically performed, a Court of Equity will not decree such specific performance.

[2.] The Justices of the Inferior Court in our State, are not liable to be sued

as a *quasi* corporation, unless special statutory provisions, to this effect, be made; and the only remedy by which a contract can be enforced against them is mandamus.

In Equity, in Dougherty Superior Court.   Decision by Judge PERKINS, at Chambers, 19th January, 1855.

George W. Croft filed a bill, alleging that he had contract- ed with the Justices of the Inferior Court of Dougherty County, to lay the bricks in a new Court House, by a written agreement ; that he went to considerable expense to prepare to do the work, and was proceeding to do it, when the Justices withdrew all of the hands which they contracted to furnish, and all materials, after complainant had laid 150,000 bricks ; that he continued in possession of the work, but had been deprived of it by a possessory warrant; that the Justices falsely alleged that he was not executing the work according to the contract, and permitted one Batterson to take posses- sion of the work, who was utterly unable to respond for dama- ges to complainant; that, under the decision of the Su- preme Court, he was not able to sue the Justices, and his only remedy was in Equity.   The prayer was for an injunc- tion.   The Court granted the injunction, and this decision is assigned as error.

Issue was joined, with a protest, that a writ of error would not lie to a decision granting an injunction.

STROZIER & SLAUGHTER, for plaintiffs in error.

WARREN & WARREN, for defendants in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] If the right of the complainant in this bill, to sue these Justices of the Inferior Court be admitted, still, this is not such a contract as should be enforced specifically.   If the de- fendants are liable to be sued at all, for and on account of the same, they are liable in damages, and there is no necessi- ty for the interference of a Court of Equity in such a case.

It is, at most, a mere breach of a personal contract or covenant, and it is not shown that irreparable injury will result, unless the contract be specifically enforced.

It is true, that it is alleged, that Batterson is not able to respond for the damage which he may do, if he be allowed to proceed in the erection of the building. If this allegation have force, it is as a reason why *he* should be enjoined from proceeding to carry on the work in question—not as a reason why the contract should be specifically performed. It was made with the Justices of the Inferior Court; and if to be specifically performed, is to be performed by them, not by Batterson. If it cannot be enforced specifically against them, it is not, of course, pretended that it can be against him; and therefore, so far as the specific performance of the contract is concerned, it does not matter whether he is able to respond in damages or not.

[2.] But, according to the allegations of the bill, the Justices of the Inferior Court, as such, are the only persons who contracted with the complainant for the erection of this building; and if they are not, no one else is liable.

As stated in the bill, this Court has decided, in the case to which reference is there made, viz: the case of *The Justices of the Inferior Court vs. Haygood*, (15 *Geo.* 309,) that the Justices of the Inferior Court in our State, are not liable to be sued as a *quasi* corporation, unless provision be made by Statute, authorizing the same; and that the only remedy by which a contract can be enforced against them, is *mandamus*. Our reasons for this opinion are given fully in that case.

This proceeding cannot be sustained against this Inferior Court, of course, unless they can be so sued. If they cannot be so sued, the injunction, as against them, cannot be sustained. Neither can it be sustained as against Batterson and Kendall; for if the Court cannot be restrained from proceeding with the building, it follows, as a necessary consequence, that their agents cannot be; and these persons are but their agents.

Judgment reversed.