No. 23.—THE GOV. *ex rel.* G. B. HAYGOOD, adm'r, &c. plaintiff in error, *vs.* THE JUSTICES OF THE INFERIOR COURT OF CLARK COUNTY, defendants in error.

[1.] There was a petition for a *mandamus* to be directed to the Inferior Court, requiring that Court to indemnify the Sheriff out of the county treasury, for a loss he had sustained by the escape from jail of a prisoner, confined therein under a *ca. sa.*—an escape, the opportunity for which was supplied by the insufficiency of the jail. The petition did not show whether the Inferior Court had, at or before the escape, power over such a fund as would have enabled it to render the jail sufficient. The petition was dismissed : *Held*, that the petition was properly dismissed.

Mandamus, in Clark Superior Court. Decision by Judge JACKSON, at Chambers, 6th September, 1855.

Green B. Haygood, as the administrator of James Hendon, petitioned for a *mandamus nisi*, against the Justices of the Inferior Court of Clark County, upon the following state of facts :

In August, 1848, Older Neal obtained a judgment, in Clark Superior Court, against Haygood, as the administrator of Hendon, former Sheriff of said county, for the sum of $3219 49, on account of the escape of John Totty, a defendant in *ca. sa.* from the common jail of said county. The petition showed that the escape was effected without the negligence, default or misconduct of Hendon or his Jailor, but wholly on account of the insufficiency of the jail ; that, by law, he was compelled there to confine the defendant in *ca. sa.* and that the duty of providing and keeping in repair a safe and sufficient jail, was devolved, by law, upon the Justices of the Inferior Court of said county, at the expense and charge of the county ; that the said Court were therefore liable to indemnify the Sheriff for the loss thus incurred by the insufficiency of the jail ; that he had applied to the said Court for an order on the County Treasurer for the amount paid out

by him, to be paid out of such funds as were or might thereaf-- ter come into the treasury, not otherwise appropriated for the ordinary and necessary county purposes, which application they refused to consider or to grant.

Upon this petition a *mandamus nisi* was granted, on 14th July, 1854.

In the return of the Justices to this *mandamus*, they insisted among other things—1st. That the demand of the petitioner was barred by lapse of time.    2d. That in 1849, the relator applied for a *mandamus* on the same grounds, which was re- fused by the presiding Judge, and that he was consequently barred.    It was admitted, at the hearing, that this refusal was on the ground that relator had an action at Law, which remedy he afterwards tried, and was finally cast in by the de- cision of the Supreme Court, that it was not the proper rem- edy.

A motion was made to dismiss the *mandamus nisi*, on the ground that the relator was not entitled to relief upon the facts stated.    At the same time, the sufficiency of the above return was argued before the presiding Judge.

He decided that the returns were insufficient, and defend-- ants excepted.

He also sustained the motion to dismiss the *mandamus*, and relator excepted.

Each party assigned error upon these exceptions.

T. R. R. COBB, for relator.

COBB & HULL; PEEPLES, for Inferior Court.

By the Court.—BENNING, J. delivering the opinion.

[1.] Ought the *mandamus* to have been dismissed ?

The argument of the side which says no to this question, may, I think, be stated as follows :

1. The damage to the relator's testator, was occasioned by the escape.

The Gov. &c. *vs*. The Justices Clark Co.

2. The escape would not have happened, if the jail had been sufficient.

3. The jail would have been sufficient, if the Inferior Court had not been guilty of neglect.

4. For a neglect in the Inferior Court, which occasions damage to an individual, the people of the county, and not the members of the Inferior Court, are liable.

5. For such a neglect, the people of the county may be sued by a suit against the Inferior Court; for the Inferior Court is a corporation, and one which represents the county; or the county is, itself, a corporation, by the name of the Inferior Court.

The third proposition in this argument cannot be admitted. It may never have been in the power of the Inferior Court to make the jail sufficient. That Court may never have had the money necessary to the making of the jail sufficient. But if it never had, then that the jail was not sufficient, cannot be imputed into neglect in the Court.

Whether the Inferior Court ever had the necessary money or not, does not appear. Nothing appears, from which any inference can be drawn, as to what was the state of the county treasury at or before the time of the escape; nothing from which any inference may be drawn as to what were the uses which the Inferior Court had for money; as to what were the calls that existed for county expenditure.

And it is not in the power of the Inferior Court to replenish, at will, the county treasury. That treasury gets its main supplies from county taxation; and no county tax can be laid by the Inferior Court, " unless two thirds of the Grand Jury of the county shall first recommend the same at a regular term of the Superior Court." (*Cobb's Dig.* 184.)

But unless it appeared that the Inferior Court had the money required for making the jail sufficient, it is to be presumed that it had not that money; for it is to be presumed, until the contrary be shown, that every public officer does his duty. It is to be presumed, therefore, that if the Court

had had the money, it would have used it, and so, have made the jail sufficient.

And of this opinion is the whole Court.

It follows, that as things stand, the proposition, that " the jail would have been sufficient if the Inferior Court had not been guilty of neglect," cannot be received as true.

But unless this proposition can be received as true, there is, manifestly, no case for a *mandamus*. And therefore, the judgment of the Court below dismissing the *mandamus*, must have been right.

This is the conclusion to which this Court come. But besides the reason just given, there is another which also operates on me individually—a reason of far greater breadth and depth.

This petition for a *mandamus*, is substantially a suit, not against the Inferior Court, but against the county. It is conceded, by the Counsel for the petition, that the members of the Inferior Court, in their private capacities, are not liable. But if they are not liable in their private capacities, then, in my opinion, nobody is liable. The people of the county, I think, are neither directly nor indirectly liable.

I believe that there is not to be found a decision of any Court, whose decisions are entitled to be considered precedents for this Court, to the effect that a county is liable in a case of this sort. In *Russell and others vs. The Men of Devon*, (2 *D. & E.* 661,) the "experiment," whether, in such a case, the people of a county are liable, was tried, and the experiment failed.

And why should the people of the county be liable, in such a case, assuming now the case to be such as the argument for the *mandamus* represents it to be, viz: a case in which the damage is to be imputed to the neglect of the Inferior Court ?

Is it because the Inferior Court is the agent of the people of the county ? It is of the essence of an agency, that the agent hold his office at the will of the principal—that the agent be under the absolute control of the principal. But

the members of the Inferior Court hold their office, not at the will of the people of the county, but for a term of years fixed by law. Nor are they at all under the control of the people of the county. No. It is the people of the State of whom the Inferior Court is the agent. It is they who provided for the Court when they made their Constitution; it is they whose Governor commissions its members; it is they, to each and all of whom its services are due; it is they who, in their sovereign capacity, can dismiss its members from office; or, at will, control them whilst in office.

But even if the Inferior Court were the agent of the county; still, in my opinion, the county would not be liable for the misconduct of that Court. A county is a corporation of the municipal kind, or it is not a corporation of any kind. If it is a municipal corporation, it is not liable for the misconduct of the Inferior Court, though that may be its agent; for it is a principal not denied in the discussion of this case, that a municipal corporation is not liable for the acts or omissions of its officers.

If a county is not a corporation of any kind, still less can it be liable for the misconduct of the Inferior Court; for in that case, it cannot have an agent or an officer—it cannot be a principal. In that case, it is not a person of any sort. If a county is not an artificial person, it is no person at all; for, manifestly, it is not a natural person.

But if I did not think this were so; if I thought that a county is a corporation, and one that is liable for the misconduct of its agents, I could not agree that it may be sued for their misconduct by a suit brought against the very agent guilty of the misconduct. I should have to insist that the suit should be brought in some other way. If it is possible to hold that the Inferior Court may be the agent of the county for some purposes—purposes specially pointed out by express law, such as holding Courts and keeping in good condition court-houses and jails, it is not, I hardly think, possible to hold that it is the agent of the county for all purposes; or, indeed, the agent for any other purpose than one which

is expressly designated by law. It is not expressly said, by any law, that the county shall be sued by a suit brought against the Inferior Court as the county's agent.

Finally: In any view of the case, is *mandamus* the remedy? Does *mandamus* lie against any sort of a party, to compel the payment of. unliquidated damages—to compel the payment of so much as a Jury may, at some time after the granting of the *mandamus* assess? I think not. And that, I take it, is the object of this suit. It is true, that the amount which the Sheriff had to pay for the escape of the person who was confined under the *ca. sa.* appears; but there also appears enough to satisfy me that that person was insolvent; and if he was, the amount which the Sheriff paid, is not the measure of the damages which the county would have to pay, if it should have to pay any amount at all. (16 *Ga. R.* 423.)

I waive the question whether, under any circumstances, a judgment against one party can be taken as a liquidation of the damages which may be due from another party.