No. 158.—Greene B. Haygood, administrator, &c. plaintiff in error, *vs.* The Justices of the Inferior Court, &c. defendants in error.

[1.] The county is not liable to respond to the Sheriff for damages recovered from him for the escape of a debtor, on account of the insufficiency of the jail.

Mandamus, in Clark Superior Court.    Decision by Judge Jackson, at August Term, 1856.

After the decision of this case in 19 *Georgia Reports*, 97, and the same was returned to the Superior Court, before the remittiter was made the judgment of the Court, a motion was made by the relator to amend his petition for *mandamus*, by supplying the allegation as to the existence of funds in the County Treasury; for the want of which allegation, the petition was held by the Court, at that time, insufficient.

The Court below refused to allow the amendment on two grounds:

1st. That it came too late.

2d. That, as amended, the petition for *mandamus* did not make a case authorizing the relief prayed.

To this decision relator excepted.

Thos. R. R. Cobb, for plaintiff in error.

Cobb & Hull; Peeples, for defendants in error.

*By the Court.*—McDonald, J. delivering the opinion.

The decision of the Court below on the main point, which decides the entire case, was put on the assumption, that the petition for *mandamus* had been amended, as asked by the petitioner's Counsel. The judgment of the Court was, that the petition, as amended, did not make a case entitling the petitioner to the relief prayed.

846        SUPREME COURT OF GEORGIA.

Haygood, adm'r, &c. vs. The Justices, &c.

The petitioner's intestate had been Sheriff of the County of Clarke, and while he was Sheriff, a debtor arrested by him and confined in the jail of that County, escaped. The petitioner was sued, as administrator, for the escape, and damages to a considerable amount were recovered. The petitioner now applied for a *mandamus* to compel the Justices of the Inferior Court to pay those damages ; because, it is alleged that the escape for which the recovery was had, " was wholly on account of the insufficiency of the jail."

The Justices of the Inferior Court are required by law to cause to be erected and kept in good repair a sufficient jail, at the charge of the county. This is a public duty imposed on them by law; but there is no Statute for enforcing the performance of it, nor does the law subject them to indictment or civil suit for its non-performance.

If they or the county are a corporation, or a *quasi* corporation, it is a public, and not a private corporation—it is one instituted for the purposes of government. Such a body is not liable to an action for non-feasance. (*Russell and others vs. The Men dwelling in the County of Devon*, 2 *T. R.* 671; *White vs. The City Council*, 2 *Hill's S. C. Rep.* 571.)

The proceeding here is against the Justices of the Inferior Court of the county, not to compel them to respond as indi-- viduals, but to force them, by the strong power of a higher tribunal, to raise the money by taxation to pay damages recovered against an officer for his neglect of duty. The Sheriff had the legal custody of the jail. He knew.its condition, and in argument it was stated that he called the attention of the Court to its insecurity before he confined the debtor there. If it was unsafe, it was wrong for him to imprison the debtor there. If the jail was " wholly insufficient," it was the same thing as if there had been no jail.

He ought to have conveyed the debtor to the jail of an adjoining county, and delivered him to the jailor thereof.

The judgment of the Court is affirmed.