### DOSTER vs. THE CITY OF ATLANTA.

A municipal corporation is not responsible for a tort committed by one convict, sentenced to work on the public works under its municipal ordinances, upon the person of another, nor for a tort committed upon him by the guard over such convicts.

April 25, 1884.

Actions. Damages. Torts. Municipal Corporations. Before Judge HAMMOND. Fulton Superior Court. October Term, 1883.

Reported in the decision.

REED & WHITE, for plaintiff in error.

W. T. NEWMAN; E. A. ANGIER, for defendant.

BLANDFORD, Justice.

Plaintiff in error brought his action against the defendant, wherein he alleged that he was arrested for drunkenness and fined by the municipal authorities, and being unable to pay the fine, he was sentenced to labor on the public works; that when he was placed on said works his fellow convicts, in order to initiate him, strapped him, in

the presence of the guards, with a strap belonging to one of the guards; wherefore he claimed to be damaged.

The sufficiency of the plaintiff's declaration was demurred to; the courts sustained the demurrer, and dismissed plaintiff's action, and this judgment is excepted to, and error assigned thereon.

The case of *Hammond vs. County of Richmond*, September term, 1883, is decisive of this case. The city of Atlanta is not liable for a tort committed by one convict upon the person of another; even in the case of a tort committed by the guard on the person of a convict, the city would not be liable.

Judgment affirmed.