### 40892. HALL COUNTY v. LOGGINS.

PANNELL, Judge. 1. The Act of 1960 (Ga. L. 1960, p. 289) enacting a new Insurance Code, provides (p. 673, New Code Section 56-2437—*Code Ann.* § 56-2437) that a county may obtain insurance to cover liability on account of bodily injury arising out of the ownership, maintenance, operation, or use of any motor vehicle under its management, control or supervision, whether engaged in any governmental undertaking or not, and prohibits the county from pleading governmental immunity as a defense, and provides that the securing of such insurance is a waiver of such immunity to the extent of the insurance so purchased. It follows that where the county purchases such insurance governmental immunity is lost accordingly.

2. Convicts, whose service is compulsory, are not fellow servants within the meaning of *Code* § 66-304 which provides that the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business. *Chattahoochee Brick Co. v. Braswell,* 92 Ga. 631 (18 SE 1015); *Boswell v. Barnhart,* 96 Ga. 521 (23 SE 414); *Smith v. City of Rome,* 16 Ga. App. 96 (2) (84 SE

734). The fact that a convict may not be an employee of a county under the provisions of the Workmen's Compensation Act (*Lawson v. Travelers Ins. Co.*, 37 Ga. App. 85, 139 SE 96) because he is not the recipient of wages or compensation for his services, does not prevent a convict from being a servant of a county where he is engaged in work for the county under the supervision and direction of the duly authorized agents and employees of the county.

3. Cases holding that a county or a city is not liable for acts of negligence of convicts or prisoners (*Hammond v. County of Richmond*, 72 Ga. 188; *Doster v. City of Atlanta*, 72 Ga. 233; *Wilson v. Mayor &c. of Macon*, 88 Ga. 455, 14 SE 710) which are based on governmental immunity (see cases cited in 72 Ga. 188, to wit, *Justices &c. v. Haygood*, 15 Ga. 309, 316; *Justices &c. v. Croft*, 18 Ga. 473; *The Gov. &c. v. Justices of Clark County*, 19 Ga. 97; *Haygood v. Justices &c.*, 20 Ga. 845) have no application to the present case. However, cases where municipalities enjoy no governmental immunity for injuries caused by defects in the city streets, show that when there is no immunity the municipality may be liable for the negligent conduct of convicts or prisoners. *City of Atlanta v. Thurman*, 19 Ga. App. 531 (91 SE 887). It follows, therefore, that where governmental immunity is not present then no reason appears why a county may not be liable for the negligence of a convict who is engaged in the performance of a duty of a county, the maintenance of the roads of the county, and at the direction and with the knowledge and consent, and under the express authorization of the county.

4. Upon application of the foregoing rulings to the facts of the instant case, the trial court did not err in overruling the demurrer of the county to the petition of the plaintiff.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 22, 1964—REHEARING DENIED OCTOBER 8, 1964.

*J. Ernest Palmour, William P. Whelchel,* for plaintiff in error. *Telford, Wayne & Greer, C. Frank Strickland, C. Dent Bostick,* contra.