62395. TRAVELERS INDEMNITY COMPANY v. WHALLEY CONSTRUCTION COMPANY, INC.

McMURRAY, Presiding Judge.

Georgia Infirmary Non-Profit Housing Corporation, as the owner, and Whalley Construction Company, Inc., as the general contractor, were parties to a contract for the construction of certain apartments in Savannah, Georgia. Whalley subcontracted the concrete work to Horn Construction Company, which leased a mobile crane from Sims Crane Service, Inc. During construction the boom on the crane, owned by Sims and being operated at the time by the subcontractor Horn, collapsed and damaged the building under construction.

The Travelers Indemnity Company (Travelers) had in effect at the time of this incident two insurance policies with its named insured, Georgia Infirmary Non-Profit Housing Corporation. Policy No. 650-536E724-3-IND-78, known as an apartment owner's property liability policy, insured against direct loss or damage by certain perils including, "7. VEHICLES OR AIRCRAFT." It did not insure "[a]ny vehicle or machine licensed for use on [a] public thoroughfare." Under the definitions contained in this policy for vehicles or aircraft the perils insured against were defined as "only direct loss by actual physical contact between . . . vehicles and the insured property or buildings containing the insured property," and adding that this peril does not include loss "by any vehicle owned or operated by the Insured or any tenant of the premises, including their employees." Special provisions of this policy provided for additional insureds as follows: "THE GENERAL CONTRACTOR, OTHER CONTRACTORS, AND SUB-CONTRACTORS, AS THEIR INTEREST

MAY APPEAR." This language also appeared in a certificate addressed to the Secretary, U. S. Department of Housing and Urban Development, Washington, D. C., his or her successors or assigns, as their interest may appear.

The second insurance policy (No. M-536E703-4-78 H) known as a scheduled property policy, insured against perils for "[d]irect physical loss of or damage to all real or personal property owned by the Insured, improvements and betterments to the extent of the Insured's interest therein, and personal property of others for which the Insured is legally liable, all while located on the . . . premises." It excluded as not covered, "[v]ehicles designed for highway use, animals, aircraft, watercraft" among its other items of exclusion. This policy included the above named insured, as well as the same additional insureds shown above. Perils excluded in this policy were loss or damage caused by or resulting from "vehicles."

Following the incident in question which is alleged to have occurred on March 30, 1979, the plaintiffs Whalley Construction Company, Inc. (the general contractor) and Georgia Infirmary Non-Profit Housing Corporation (the owner) filed this action against the defendant Travelers alleging the policies were in full force and effect, said policies being attached to the complaint seeking damages for the loss to the building in the amount of $30,000 as insured against by either or both of the aforesaid policies. The complaint further alleged that the 50-ton crane which was equipped with a counterbalance and outriggers so as to render it immobile had buckled during construction with a load of concrete and had crashed into the property. It further alleged that the defendant had unequivocally, after demand, failed and refused to pay such loss after all conditions contained in said policies for payment had been met by the plaintiffs or waived by the defendant.

The defendant answered, in general, admitting jurisdiction and the contents of the two policies as shown above, but otherwise denied the complaint, contending that there was no coverage provided under either policy by reason of the fact that the damages complained of were caused by a vehicle owned and operated by an insured. Another defense in the answer was that policy No. M-536E703-4-78 H did not insure against loss or damage caused by vehicles.

After discovery both the plaintiffs and the defendant filed motions for summary judgment. On February 25, 1981, the superior court granted plaintiffs' motion for summary judgment against defendant and denied defendant's motion for summary judgment. The court found as a matter of fact that the 50 ton mobile crane was a vehicle and that the boom had collapsed damaging plaintiffs' building which was under construction. The court then held that

under one policy plaintiffs were insured against direct loss or damage by vehicles, while the other policy had excluded as a peril, loss or damage caused by or resulting from "vehicles," citing as authority that the mobile crane was a vehicle, *Clinton v. Nat. Indem. Co.,* 153 Ga. App. 491, 492 (1) (265 SE2d 841), and this court's use therein of Black's Law Dictionary's definition of vehicles and the similarity between that case with reference to a fire truck, and the superior court's rationale that, "once a vehicle, always a vehicle." The defendant appeals, contending that the sole issue with reference to the grant of summary judgment in favor of the plaintiffs against it and the denial of summary judgment in its favor was whether or not the naming of the subcontractor as an additional insured which here caused the damage would have excluded the name insured and the additional insured, the general contractor, the other plaintiff. *Held:*

In its order granting plaintiffs' motion for summary judgment the trial court held there was coverage under Policy No. 650-536E724-3-IND-78 for damages arising out of the collapse of the crane, which was a vehicle. We agree.

Counsel for defendant now admits by brief that the crane causing the damage was a vehicle, but insists, that since that vehicle, which was operated by a subcontractor, an additional insured, it was excluded as it was operated by the insured, relying on the language that the policy did not cover a loss resulting from "any vehicle owned or operated by the Insured . . . including their employees." Counsel relies on the word "their" as the possessive case of "they," hence this language excluded all insureds and their employees, contending that one insured could not collect for damage resulting from an employee of another insured as was the case here. We believe this to be a strained construction.

The insurer in preparing its policy has the burden of using language that is clear and precise. See *Travelers Ins. Co. v. Mixon,* 118 Ga. App. 31, 33 (162 SE2d 830); and *Loftin v. U. S. Fire Ins. Co.,* 106 Ga. App. 287, 293-295 (127 SE2d 53), and cits. therein that a policy will be construed "as reasonably understood by the insured" (page 294). Clearly, if the plural had been intended here to exclude any of the insureds the preparer of the policy would have used before the words excluding loss "by any vehicle owned or operated by" the words, "the insureds," or "any of the insureds," or words of similar import. Plaintiffs argue that even in this instance the words "the Insured," capitalized "Insured," to show it only referred to the named insured and not to the additional insureds as excluding damage caused by "any vehicle owned or operated by the Insured or any tenant of the premises, including their employees," meaning the named insured, its tenants, "including their employees," in excluding

perils resulting from vehicles of the named insured and tenants and the employees of the named insured and its tenants, which is logical in the use of the word "their" in this instance. This argument is more logical than that of the defendant in seeking to exclude perils resulting from vehicles of any insured, their employees, etc.

However, we do not reach the issue of whether damages resulting from an employee of any one of the insureds as to that insured's damage since in this instance the plaintiffs (owner and general contractor) are suing to recover the damage to the building resulting from the mobile crane, operated by a subcontractor. We are not concerned with injury caused by an employee of the named insured, or caused by an employee of the additional insured, the general contractor. Buildings under construction were insured against loss by vehicles. The policy must be construed so as to provide coverage unless the contrary clearly appears. See *Johnson v. Mut. Life Ins. Co.,* 154 Ga. 653 (115 SE 14).

Any exclusion sought to be invoked by the insurer defendant will be liberally construed in favor of the insured and strictly construed against the insurer unless same is clear and unequivocal. See *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 677 (222 SE2d 828); *Gaynor v. Travelers Ins. Co.,* 12 Ga. App. 601 (5) (77 SE 1072); *Southern Guaranty Ins. Co. v. Duncan,* 131 Ga. App. 761, 764 (2) (3) (206 SE2d 672); *North British &c. Ins. Co. v. Mercer,* 211 Ga. 161-162 (84 SE2d 570), aff. s.c. 90 Ga. App. 143 (82 SE2d 41). Since the language of exclusion was not so clear and precise, an exclusion did not occur. See *Mutual Life Ins. Co. v. Bishop,* 132 Ga. App. 816, 817 (1) (209 SE2d 223); *Burke v. Life Ins. Co.,* 104 Ga. App. 865, 869-871 (3) (123 SE2d 426). The trial court did not err in granting summary judgment in favor of the plaintiffs against the defendant that there was coverage under the insurance policy for the damages arising out of the collapse of the mobile crane, a vehicle, and in denying summary judgment in favor of the defendant that the policy in question excluded the plaintiffs.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 23, 1981—
REHEARING DENIED NOVEMBER 20, 1981 —

*Stanley Karsman, Dana F. Braun,* for appellant.
*John M. Tatum,* for appellee.