### 63909. PATE et al. v. TURNER COUNTY et al.

DEEN, Presiding Judge.

J. W. Pate and his wife brought suit against the cities of Ashburn, Rebecca and Sycamore and Turner County alleging that Pate had been seriously and permanently injured as a result of being struck by a Caterpillar sanitary landfill compactor operated by an employee of the four governmental units at a landfill in Turner County. Pate appeals from the grant of summary judgment in favor of the City of Ashburn and Turner County. *Held:*

The trial court found that the City of Ashburn and Turner County have sovereign immunity and that their immunity was not waived as provided in Code Ann. § 56-2437 because a Caterpillar landfill compactor is not a motor vehicle as contemplated by that code section as it is a specialty piece of equipment for landfill use and not for use on the public highways.

As city garbage services are considered to be a governmental rather than a ministerial function, *City of Brunswick v. Volpian,* 67 Ga. App. 654 (21 SE2d 442) (1942), it logically follows that the operation of a sanitary landfill in which to dispose of garbage is also a governmental function of a municipality. Thus, the governmental entities involved enjoy sovereign immunity as to this function unless it is waived as provided by law.

Code Ann. § 2-6302 provides that the governing authority of a county is authorized to purchase liability insurance to cover damages caused by a county-owned motor vehicle and thereby waive its sovereign immunity to the extent of the insurance coverage. Code § 56-2437 contains a similar provision for a municipal corporation, county or other political subdivision of the state. The depositions and copies of insurance policies contained in the record show that the landfill compactor was not listed as a vehicle for which liability insurance was purchased. However, as we do not believe that a municipality can selectively choose which motor vehicles it will insure, the question becomes whether the sanitary landfill compactor is a motor vehicle within the meaning of the statutes. Neither Code

Sections 2-6302 nor 56-2437 define a "motor vehicle." Under the Georgia Motor Vehicle Accident Reparations Act, Code Ann. § 56-3402b (a), a "motor vehicle" is defined as a "vehicle having more than three load bearing wheels, of a kind required to be registered under the laws of this State relating to motor vehicles *designed primarily for operation upon the public streets, roads, and highways,* and driven by power other than muscular power, and includes a trailer drawn by or attached to such a vehicle." (Emphasis supplied.) Chapter 68 of the Georgia Code, which deals with licenses, registration and operation of motor vehicles, defines a "motor vehicle" in § 68-101 as: "Any vehicle, except tractors, propelled by power other than muscular power, not operative exclusively upon tracks." A "vehicle" is defined as "[a]ny contrivance used for transportation of persons or property on public highways."

Photographs of the landfill compactor reveal a large machine somewhat similar to a bulldozer in shape and with four large metal wheels which have large lugs or protuberances on the wheels. In his affidavit, the Mayor of Ashburn states that this piece of equipment was not designed or equipped to haul passengers or freight, but is a special purpose vehicle for handling trash and garbage and that the nature of its wheels requires it to be driven on soil or dirt rather than a hard surface. He further stated that he was present when it was delivered to the landfill site on a flat bed trailer and that to the best of his knowledge it had never been driven or moved off the fenced landfill property. Pate did not file an opposing affidavit.

Appellant argues that this piece of equipment is a motor vehicle. We must disagree. While the court in *Travelers Indemnity Co. v. Whaley Const. Co.,* 160 Ga. App. 438 (287 SE2d 226) (1981) found a mobile crane to be a "vehicle" we do not believe that the landfill compactor is a "motor vehicle" as that term is defined in the Code. Appellant's reliance upon *Mitchell v. City of St. Marys,* 155 Ga. App. 642 (271 SE2d 895) (1980) is also misplaced. In that case there was no question that the truck was a motor vehicle, the question was whether it was used as a motor vehicle.

Accordingly, we find that the trial court did not err in granting summary judgment in favor of the City of Ashburn and Turner County.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 12, 1982 —
REHEARING DENIED MAY 27, 1982 —

*Bob Reinhardt, George R. Reinhardt, Jr.,* for appellants.
*F. Thomas Young, Edmund A. Landau, Jr., J. Harvey Davis, Hugh Wilson, Clarence Miller, Ray Holland,* for appellees.