## 65690. COBB COUNTY v. HUNT.

POPE, Judge.
Plaintiff Ricky Lamar Hunt was injured on a prisoner work detail at the Cobb County Work Camp. The work detail was to load a quantity of pipe onto a flatbed truck. As plaintiff was reaching to attach a chain connected to one of the pipes to the bucket of a front-end loader, the front-end loader struck the pipe, which in turn struck and injured plaintiff.

Plaintiff filed a negligence action against defendant Cobb County, alleging that defendant had waived its governmental immunity as provided in OCGA § 33-24-51 (formerly Code Ann. § 56-2437). Defendant denied that it had waived its immunity and then moved for summary judgment on this ground. The trial court denied

the motion and we granted defendant's application for interlocutory appeal. We reverse.

OCGA § 33-24-51(b) (Code Ann. § 56-2437) provides that whenever a county purchases liability insurance, its governmental immunity is waived to the extent of the insurance coverage. Defendant purchased a liability policy on the flatbed truck and, under OCGA § 33-24-51(b) (Code Ann. § 56-2437), has thus waived governmental immunity to the extent of that coverage. The policy covers liability for injuries arising from the ownership, operation, use, loading or unloading of the truck. The policy provides, however: "[L]oading or unloading does not include the movement of property by means of a mechanical device (other than a hand truck) not attached to the [truck]." Injury "resulting from the movement of property by a mechanical device (other than a hand truck) not attached to the covered [truck]" is expressly excluded from coverage.

Defendant asserts that plaintiff's injury is thereby excluded from coverage and therefore beyond the scope of the limited waiver of governmental immunity effected by the purchase of the policy. Plaintiff contends that his injury was not the result of the "movement" of the pipe by the front-end loader and argues that "[t]he insurer makes no reference to personal injury arising from the accidental displacement of objects by [a] mechanical device during the loading process," as well as that "[t]he obvious thrust of the exclusionary language is to exclude damage caused by a loaded mechanical device in the process of carrying its load."

While it is certainly true that an exclusionary provision is to be construed strictly against the insurer (see *Travelers Indem. Co. v. Whalley Constr. Co.,* 160 Ga. App. 438, 441 (287 SE2d 226) (1981)), it is equally true that the construction must be a reasonable one. See *Cincinnati Ins. Co. v. Davis,* 153 Ga. App. 291, 295 (265 SE2d 102) (1980); see also *Cotton States Mut. Ins. Co. v. Falls,* 114 Ga. App. 812, 814 (1) (152 SE2d 811) (1966). We find that the construction urged by plaintiff would be unreasonable. We construe the policy on the truck, as limited by the quoted exclusion, to extend liability coverage to injuries sustained during loading or unloading of the truck, but only where the loading or unloading is not being accomplished by means of a mechanical device. Here, plaintiff was either injured while the covered truck was being loaded by means of a mechanical device or before loading had begun.

We hold that plaintiff's injury is excluded from coverage under the policy and thus is beyond defendant's waiver of governmental immunity. The trial court therefore erred in denying defendant's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1983 —.
REHEARING DENIED APRIL 27, 1983 —

*Glenn Frick, Gary Hill,* for appellant.
*William B. Greene, Warner R. Wilson, Jr., Therese S. Barnes,* for appellee.