## A97A2111. SIMMONS v. COWETA COUNTY et al.
### (494 SE2d 362)

ELDRIDGE, Judge.

On June 13, 1995, Ray N. Simmons, plaintiff-appellant, was an inmate incarcerated at the Coweta County Correctional Institute as a State prisoner assigned to the work camp, which was operated by Coweta County and the Coweta County Board of Commissioners. Bill

P. McKenzie was the warden; Nancy Pye was the deputy warden; and Officer Holcomb was a correctional officer.

Plaintiff was assigned the operation of a tractor with a bush hog in a highway right-of-way but not on the paved roadway. Other prisoners had been assigned to pick up rocks, glass, and debris from the cutting path of the bush hog. A bush hog is a cutting attachment to the tractor and used in the operation of the tractor, which derives its power to turn the cutting blade directly from the tractor. While plaintiff was working his assignment, the bush hog blade struck a coil of barbed wire, and a piece of this hard foreign object was propelled into the plaintiff's neck; the other prisoners and Officer Holcomb failed to find and remove the coil of wire from the grass. After the injury, a coil of barbed wire was found under the bush hog. Officer Holcomb had supervised the work detail, which included making sure that the prisoners carried out their assigned tasks correctly.

Plaintiff was examined and treated at Peachtree Regional Hospital and returned to the defendants' custody. On June 16, 1995, plaintiff was transferred to Clyde N. Phillips Hospital, where on June 21, 1995, he underwent a CAT scan that revealed a wire lodged between his ear and the top of his brain. Plaintiff underwent emergency brain surgery at Augusta Regional Medical Center on the same day to remove the wire.

Plaintiff sued Coweta County among others, as a result of his permanent injuries. The defendants answered and asserted the defenses of sovereign immunity and official immunity. On November 1, 1996, defendants filed a motion for summary judgment. On February 12, 1997, the trial court granted the motion as to all defendants. Plaintiff filed a timely notice of appeal.

For various reasons, plaintiff alleges that the trial court erred as a matter of law in granting summary judgment. We agree in part.

(a) Under the 1991 amendment to Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution, sovereign immunity has been extended to all of the political subdivisions of the State and specifically to counties. *Gilbert v. Richardson*, 264 Ga. 744, 747 (452 SE2d 476) (1994); see also OCGA § 50-21-22 (5); *Woodard v. Laurens County*, 265 Ga. 404 (456 SE2d 581) (1995); *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53 (414 SE2d 638) (1992); *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995).

Pursuant to OCGA § 33-24-51 (a), a county has authority to "secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury . . . arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the . . . county." Subsection (b) of this statute provides that, if the county "provide[s] liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or

employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased." As such, OCGA § 33-24-51 (a) gives counties the right to purchase insurance; OCGA § 33-24-51 (b) describes when the insurance operates as a waiver of sovereign immunity.

Subsection (a) is a very broad grant of power which allows a county to purchase insurance for liability to any person for personal or property damage that arises out of the use, ownership, or maintenance of a vehicle, whether or not the vehicle is being used in a governmental capacity. However, subsection (b) creates a more limited circumstance where sovereign immunity is waived by the insurance. Sovereign immunity is waived under subsection (b) only to the extent that a county purchases "insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties." OCGA § 33-24-51 (b). Even though a county may purchase insurance on county vehicles being used in a governmental undertaking, subsection (b) does not waive sovereign immunity unless the injury or damages were caused by the negligence of a "duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties." OCGA § 33-24-51 (b). The procurement of insurance under this statute does not constitute a waiver of sovereign immunity with regard to personal injury caused by the county's negligence, unless the negligence of its "officer, agent, servant,[1] attorney, or employee" arises from the use of a motor vehicle. *Gilbert v. Richardson*, supra; accord *Woodard v. Laurens County*, supra; *Blumsack v. Bartow County*, 223 Ga. App. 392 (477 SE2d 642) (1996); see also *Crider v. Zurich Ins. Co.*, 222 Ga. App. 177 (474 SE2d 89) (1996). For purposes of waiver of sovereign immunity under OCGA § 33-24-51 (b), a tractor is a motor vehicle. *Crider v. Zurich Ins. Co.*, supra at 179-180; see also *Pate v. Turner County*, 162 Ga. App. 463 (291 SE2d 400) (1982); *Travelers Indem. Co. v. Whalley Constr. Co.*, 160 Ga. App. 438 (287 SE2d 226) (1981).

Because an inmate is serving time and is compelled to work for a correctional institute, such "does not prevent [the inmate] from being a servant of a county where he is engaged in work for the county under the supervision and direction of the duly authorized agents and employees of the county" within the meaning of OCGA § 33-24-51 (b). *Hall County v. Loggins*, 110 Ga. App. 432, 433 (2) (138 SE2d 699) (1964). However, such inmate is not an *employee* of the county. Id.

---

[1] As a prisoner compelled to work, plaintiff legally was a servant within the meaning of OCGA § 33-24-51 (b) at the time of his injury while operating the insured tractor.

In using and operating the insured tractor, plaintiff, an involuntary servant, within the meaning of OCGA § 33-24-51 (b), acted under the direction, supervision, and control of Officer Holcomb, who was an employee within the meaning of such Code section, acting in an official function. See *Woodard v. Laurens County*, supra at 405; *Gilbert v. Richardson*, supra at 749-751; *Crider v. Zurich Ins. Co.*, supra. Running over the coil of barbed wire came within the meaning of "negligence arising from the operation of such vehicle."[2] *Strickland v. Wayne County*, 113 Ga. App. 499 (2) (148 SE2d 467) (1966); see also *Blumsack v. Bartow County*, supra; *Long v. Hall County Bd. of Commrs.*, 219 Ga. App. 853, 857 (2) (467 SE2d 186) (1996).

(b) Sovereign or official immunity is waived only to the extent of insurance coverage. OCGA § 33-24-51 (c). Therefore, any exclusions under the terms of the policy or claim that are not covered will not cause a statutory waiver of immunity. *Dugger v. Sprouse*, 257 Ga. 778 (364 SE2d 275) (1988); *McLemore v. City Council of Augusta*, 212 Ga. App. 862 (433 SE2d 505) (1994); *Mitchell v. Hartford Accident &c. Co.*, 168 Ga. App. 126 (308 SE2d 374) (1983); *Cobb County v. Hunt*, 166 Ga. App. 409 (304 SE2d 403) (1983).

The commercial general insurance policy ("CGIP") purchased by Coweta County provided insurance coverage for operation of mobile equipment, which clearly includes a vehicle coming within OCGA § 33-24-51 (b). *Crider v. Zurich Ins. Co.*, supra. Plaintiff was not an employee within the exclusion of the policy, because he was a State inmate who was compelled to work for the defendants as an involuntary servant under color of law. OCGA § 42-5-60 (e); Ga. Admin. Code §§ 125-3-5-.01 through 125-3-5-.06; *Hall County v. Loggins*, supra at 433. Also, plaintiff was not a "leased employee" within the definition of the policy; plaintiff was not the employee of "a labor leasing firm," the State, because Art. I, Sec. I, Par. XXII of the Georgia Constitution of 1983 prohibits the State from engaging in the practice of leasing inmates for profit to perform labor. See *Penitentiary Co. No. 2 v. Rountree*, 113 Ga. 799 (39 SE 508) (1901); OCGA §§ 17-14-15; 42-5-60 (a) and (e). Further, the State paid Coweta County to feed, house, and guard State prisoners, including plaintiff, which does not come within the plain meaning of the exclusion under this CGIP, because such terms are not typical in a contract of employment. Thus, the State and Coweta County do not come within the definition of "a

---

[2] For purposes of determining insurance coverage and waiver of sovereign immunity, arising out of use of and operation of an insured vehicle, under OCGA § 33-24-51 (b), plaintiff's negligence, if any, may be considered in running over the coil of wire. To satisfy this Code section as well, the negligence of the other prisoners in failing to discover and remove the wire, as well as the negligent supervision by Officer Holcomb of the prisoners and to discover and remove the wire himself comes within the use and operation of the insured vehicle.

labor leasing firm," which means a private, for profit business. Where an insurance exclusion is uncertain and ambiguous, the exclusion must be construed against the insurer; therefore, neither the State nor Coweta County can be construed to be "a labor leasing firm." Likewise, plaintiff was not an insured under the policy, because he was not an employee but an involuntary servant. OCGA § 13-2-2 (5); *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 715 (3) (470 SE2d 659) (1996); *Lumbermen's Mut. Cas. Co. v. Plantation Pipeline Co.*, 214 Ga. App. 23 (447 SE2d 89) (1994); *Lakeshore Marine v. Hartford Accident &c. Co.*, 164 Ga. App. 417 (296 SE2d 418) (1982); *Hall County v. Loggins*, supra; *Travelers Indem. Co. v. Whalley Constr. Co.*, supra at 440-441.

Contrary to the position of the defense, the bush hog was not being passively transported at the time of the injury but was in operation when the wire was struck; therefore, the "transportation exclusion" was not applicable. Further, there is no evidence that the tractor was "registered in [the name of Coweta County] under any motor vehicle registration law" to cause such exclusion to even become applicable. Therefore, these exclusions have no application.

(c) Directing, supervising, and guarding a routine detail of correctional inmates in picking up trash and cutting grass along a county road involves no discretion and was ministerial in nature as a matter of law. Therefore, Officer Holcomb's acts or omissions in supervising inmates were subject to tort liability. OCGA §§ 42-5-53 (b); 42-5-60 (e); Ga. Admin. Code §§ 125-2-3-.04; 125-3-1-.02; 125-3-1-.05; 125-3-2-.02; 125-3-2-.07; 125-3-2-.08; 125-4-3-.01 through 125-4-3-.04; 125-4-4-.01 through 125-4-4-.12; *Gilbert v. Richardson*, supra at 749-753; *Hiers v. City of Barwick*, 262 Ga. 129, 134 (414 SE2d 647) (1992); *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990); *Nelson v. Spalding County*, 249 Ga. 334 (290 SE2d 915) (1982); *Williams v. Dept. of Corrections*, 224 Ga. App. 571 (481 SE2d 272) (1997); see also *Joyce v. Van Arsdale*, 196 Ga. App. 95 (395 SE2d 275) (1990); *Keener v. Kimble*, 170 Ga. App. 674, 676 (2) (317 SE2d 900) (1984).

(d) To the extent that official immunity was waived under OCGA § 33-24-51 (b), "[a] county may be liable for a county employee's negligence in performing an official function to the extent the county has waived sovereign immunity." *Gilbert v. Richardson*, supra at 754. "It follows, therefore, that where governmental immunity is not present then no reason appears why a county may not be liable for the negligence of a convict who is engaged in the performance of a duty of a county, the maintenance of the roads of the county, and at the direction and with the knowledge and consent, and under the express authorization of the county." *Hall County v. Loggins*, supra at 433 (3). Thus, the county can be held liable for the negligence of inmates to the extent that such negligence arose from the operation of the trac-

tor causing injury to the plaintiff, i.e., the failure of other inmates to remove the coil of barbed wire from the path of the bush hog or to warn plaintiff to avoid the coil of wire.

(e) Warden McKenzie and Deputy Warden Pye have no tort liability as Officer Holcomb's supervisors, since acts or omissions on their part, if any, were not the proximate cause of plaintiff's injuries, which were caused either by the negligence of Officer Holcomb or the concurrence of his negligence and the negligence of other inmates under his direction and supervision. Further, their official acts were discretionary, so that their official immunity was not waived. *Gilbert v. Richardson,* supra at 752-753; see also *Vertner v. Gerber,* 198 Ga. App. 645 (402 SE2d 315) (1991); *Price v. Owen,* 67 Ga. App. 58 (19 SE2d 529) (1942).

(f) In this analysis, it must next be determined what act or omission under a duty of reasonable care that was owed to the plaintiff was breached by Officer Holcomb.

The actions by Officer Holcomb, a correctional officer, over State prisoners were governed by the rules and regulations of the Georgia Department of Corrections, and he was required to exercise reasonable care to protect the safety of the inmates under his control. OCGA § 42-2-11; see paragraph (c), supra, which sets forth the applicable regulations under the Georgia Administrative Code, supra; OCGA § 42-5-2 (a); and *Williams v. Dept. of Corrections,* supra. Officer Holcomb had a duty to protect plaintiff's "safety and general well-being [because the] affirmative exercise of [his delegated] power so restrains an individual's liberty that it renders him unable to care for himself[ ] and fails to provide for his . . . reasonable safety. . . . The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." (Citations omitted.) *DeShaney v. Winnebago County Dept. of Social Svcs.,* 489 U. S. 189, 199-200 (109 SC 998, 103 LE2d 249) (1989). Thus, Officer Holcomb had a duty to exercise ordinary care to protect the plaintiff.

Officer Holcomb was liable in his official capacity for failure to supervise the inmates under his control to detect, prevent, or stop acts or omissions of the inmates that create an unreasonable danger or risk to other inmates or third persons. See *Hall County v. Loggins,* supra at 433.

(g) The trial court erred in granting summary judgment to Coweta County and Officer Holcomb; the trial court did not err in granting summary judgment to Warden McKenzie and Deputy Warden Pye.

*Judgment affirmed in part and reversed in part. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 25, 1997 —

*Charles M. Goetz, Jr., Scott M. Zahler,* for appellant.
*Hawkins & Parnell, Kimberly H. Ridley, Debra E. Levorse, Debra L. Dewar,* for appellees.