Ronnie WILLIAMS, Jr., Appellant–
Defendant,

v.

INDIANA DEPARTMENT
OF CORRECTIONS,
Appellee–Plaintiff.

No. 67A01–9712–CV–418.

Court of Appeals of Indiana.

Dec. 15, 1998.

Steven L. Blakely, Danville, IL, Cheryl A. Planck, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, James D. Dimitri, Deputy Attorney General, for Appellee–Plaintiff.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Ronnie Williams, Jr. ("Williams") appeals the trial court's order granting summary judgment in favor of Defendant–Appellant Indiana Department of Corrections ("Department").

We reverse and remand for further proceedings.

### ISSUES

Williams raises four issues for our review, which we consolidate and restate as:

I. Whether summary judgment was improper because the Department was vicariously liable for the negligence of Williams' fellow inmate.

II. Whether summary judgment was improper because there was a genuine issue of material fact pertaining to the reasonably foreseeable effects of the Department's delay in repairing the defective window which fell on Williams.

### FACTS AND PROCEDURAL HISTORY

The designated facts, when viewed in favor of Williams, indicate that Williams was an inmate at the Putnamville Correctional Facility. On November 16, 1994, Williams and fellow inmate, Juan Bradford ("Bradford"), were working at the prison's two-story water treatment facility under the supervision of foreman, James Little (Little), a Department employee. After Williams and Bradford finished their shift, they left the facility and entered Little's truck. Little realized that he had left his "defender's packet" in the facility, and he asked Bradford to re-enter the facility and retrieve the packet.

Bradford went into the facility. After several minutes had passed, and Bradford had not returned, Williams got out of the truck and walked toward the facility, intending to assist Bradford in his search for the packet.

As Williams approached the entrance to the facility, Bradford opened a second story window, and yelled down to Little and Williams that he could not find the packet. The entire window and frame detached from the facility and struck Williams in the head as it descended.

The window, which had been in need of repair since 1990, had a 3 × 5 card attached to it which read "Do not open." Little knew that "brackets on the side wouldn't hold the window up and it would come down from it's [sic] own weight." (R. 41). Work orders had been placed on the window in 1990, 1991, and 1993, but no repairs were made.

As a result of being struck by the window, Williams suffered a severe laceration on his head requiring twenty-two stitches. He has suffered from migraine headaches and blurred vision since the window struck him. Williams filed suit against the Department alleging that the Department was vicariously liable for Bradford's negligence in opening the defective window. He also alleged that the Department's negligence in failing to fix the window caused his injuries. The Department filed a motion for summary judgment, which was granted. Williams now appeals.

### DISCUSSION AND DECISION

#### STANDARD OF REVIEW

In reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard applied by the trial court. Summary judgment is appropriate only if the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. We resolve any doubt as to a fact, or an inference to be drawn therefrom, in favor of the party opposing summary judgment. *Willis v. Warren Township Fire Department,* 672 N.E.2d 484, 486 (Ind.Ct.App.1996), *trans. denied.*

#### I. VICARIOUS LIABILITY

Williams contends that the trial court erred in granting summary judgment because the Department is vicariously liable for Bradford's negligence as Bradford was under the direction and control of Little, a Depart-

ment employee, at the time the accident occurred. Williams recognizes that there is no case law in Indiana which supports his contention; accordingly, he relies on two cases from other jurisdictions, *Hall County v. Loggins,* 110 Ga.App. 432, 138 S.E.2d 699 (1964), *reh'g denied,* and *Wolfe v. City of Miami,* 103 Fla. 774, 137 So. 892 (1931).

Williams concedes that the Department is a governmental entity. As such, the Department is entitled to immunity from liability under the circumstances delineated in the Indiana Tort Claims Act (the "Act"). The Act, in pertinent part, provides that "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from: ... (9) the act or omission of someone other than the governmental entity employee." Ind.Code § 34–4–16.5–3(9) [1]. This subsection of the Act has been interpreted by our supreme court to provide immunity in cases where "the alleged governmental liability is grounded upon the acts or omissions of persons other than the *government employee acting within* the scope of the employee's employment." *Hinshaw v. Board of Commissioners of Jay County,* 611 N.E.2d 637, 640 (Ind.1993). Therefore, Williams may avoid summary judgment on this issue only upon a showing that there is a genuine issue of material fact regarding Bradford's status as a governmental employee. Williams contends that the designated evidence would support a conclusion that Bradford was working on the Department's behalf because he was assisting a Department employee by looking for the prison packet.

■ The Act provides that an "employee" is a person "presently or formerly acting on behalf of a governmental entity." Ind.Code 34–4–16.5–2(b). It is a well-established conclusion that prisons do not enter into a contract for hire with the prisoners they supervise. *See Vanskike v. Peters,* 974 F.2d 806, 810 (7th Cir.1992), *cert. denied* 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993) (holding that inmates are assigned to work within

the prison for purposes of training and rehabilitation); *Moore v. Ohio Department of Rehabilitation and Correction,* 89 Ohio App.3d 107, 623 N.E.2d 1214, 1216 (Ohio Ct.App. 1993) (holding that labor of inmates is "in reality rehabilitative training for the benefit of the inmate, not voluntary work performed under a contract for hire for the benefit of the state"); 60 Am.Jur.2d *Penal and Correctional Institutions* § 206 (1987). Instead, prisons provide work for prisoners in an effort to develop the prisoners' work skills and rehabilitative training so that the prisoners may become productive citizens upon their release. The provision of this type of rehabilitative activity is mandated by our law. *See* Ind.Code 11–10–6–2 (stating that the Department "shall establish, maintain, and operate industry and farm programs for offenders designed to equip the participant with a marketable skill which will provide the participant a means of earning a livelihood upon the participant's return to the community"). In essence, the prisoners work on their own behalf.

■ We can conceive of circumstances where a non-governmental employee ordered to engage in some task by a governmental employee would, by the undertaking of that task on behalf of the government, become a governmental employee for purposes of the Act. We cannot conclude, however, that the circumstances in the present case, even when viewed in Williams' favor, would be sufficient to warrant a finding by the jury that Bradford was acting as a governmental employee at the time of the accident.[2] Accordingly, we find as a matter of law that Bradford was not a governmental employee at the time of the accident.

In making our determination on this issue, we have reviewed *Hall County* and *Wolfe.* Our review reveals that in *Hall County* the governmental entity purchased insurance to cover liability for bodily injury arising out of activity within the governmental agency's control. Pursuant to a Georgia statute, the

---

1. Ind.Code 34–16.5 has been repealed and recodified pursuant to P.L. 1–1998, Sec. 221.

2. Williams also contends that the Department should be held vicariously liable for Bradford's negligence on the basis that Bradford was acting

as the Department's agent at the time of the accident. Acceptance of Williams' contention would contravene the legislature's clear intent to provide immunity to the Department for the acts of anyone other than a governmental employee.

governmental agency waived statutory immunity. 138 S.E.2d at 699. Similarly, our review reveals that in *Wolfe* the governmental agency apparently did not assert statutory immunity. Here, the Department neither waived nor neglected to assert immunity. We find *Hall County* and *Wolfe* to be inapposite.

## II. FORESEEABILITY

Williams does not limit his claim for damages to the Department's vicarious liability for Bradford's acts. He also claims that the Department is liable because its negligence in failing to repair the window was a cause of the accident. The Department acknowledges that Ind.Code 34–4–16.5–3(9) does not provide immunity from claims based upon the negligence of governmental employees. Instead, it argues that it is not liable for its alleged negligence because Bradford's negligence was an unforeseeable intervening superseding cause.[3]

 In determining whether a party should be held liable for its negligent act or omission, this court "considers whether the plaintiff's injury was a natural and probable consequence of the [negligence], which, in the light of attending circumstances, could have been reasonably foreseen or anticipated." *Straley v. Kimberly*, 687 N.E.2d 360, 364 (Ind.Ct.App.1997), *reh'g denied.* Indiana has long held that the intervening conduct of a third party precludes recovery only where the third party's conduct was "a new, independent, intervening force not reasonably foreseeable at the time of the defendant's wrongful conduct." *Maroon v. State, Department of Mental Health*, 411 N.E.2d 404, 417 (Ind.Ct.App.1980), *reh'g denied.* Unless only one conclusion can be drawn from the facts, the issue of causation is a question of fact for the jury to determine. *Bush v. Northern Indiana Public Service Co.*, 685

N.E.2d 174, 178 (Ind.Ct.App.1997), *reh'g denied.*

 In the present case, the designated facts interpreted in Williams' favor indicate the Department knew, for approximately four years, that the window was in need of repair. Instead of repairing the window, the Department attached a small, handwritten card to the window and gave verbal orders indicating that the window should not be opened. We cannot say, as a matter of law, that it was unforeseeable that an inmate, over the course of this long period of time, would disregard these warnings and attempt to open the window. Furthermore, we cannot say, as a matter of law, that it was unforeseeable that the window would fall from its brackets. As noted above, Little had stated that the brackets would not hold the window in place. It is for the jury to determine whether the evidence supports a conclusion that the unrepaired brackets would deteriorate to the point that the window would become detached.

The Department is asking us to weigh the evidence with regard to the foreseeability of the window falling because of the negligence of an inmate. We will not do so. The jury is to make these types of material factual determinations.

## CONCLUSION

 The trial court erred in granting summary judgment in favor of the Department. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded with instructions.[4]

STATON and DARDEN, JJ., concur.

---

**3.** The Department does not expressly concede that its failure to repair the window constitutes negligence. It does, however, proceed to argue the effect of Bradford's negligence upon its own liability. Accordingly, it concedes negligence for the sake of making its argument.

**4.** We do not reach the issue of *res ipsa loquitur* because it was not raised in Williams' initial brief. An issue raised in a reply brief that was

not advanced in the appellant's original brief is waived and will not be considered on appeal. *See Willig v. Dowell*, 625 N.E.2d 476, 481 (Ind. Ct.App.1993), *trans. denied.* Furthermore, we do not reach the issue of the adequacy of an affidavit submitted below by Williams. Resolution of this issue is rendered unnecessary by other designated evidence which establishes the presence of genuine issues of material fact.