S95A0462. WOODARD et al. v. LAURENS COUNTY et al.
(456 SE2d 581)

CARLEY, Justice.

The driver of a logging truck failed to obey a stop sign at the intersection of two county roads and, having crossed into the path of on-coming traffic, the truck was struck broadside by appellant-plaintiffs' vehicle. Seeking to recover for the injuries they sustained as the result of this collision, appellants filed suit against the driver of the truck and his employer as well as against the appellees in this case, who are Laurens County, the five county commissioners in their official capacities, and two county employees in both their official and individual capacities. As against appellees, appellants' complaint was

predicated upon allegations of negligent inspection and maintenance of the stop sign at the intersection. Although appellees are afforded coverage under a policy of liability insurance, they raised the defenses of sovereign and official immunity in their answers and subsequently moved for summary judgment based upon those defenses. In opposing the motions, appellants raised a constitutional challenge to the current statutory scheme whereby a county is afforded sovereign immunity from tort liability. The trial court granted summary judgment in favor of appellees and appellants appeal.

1. Unless sovereign immunity has been waived, that defense bars appellants' claims against Laurens County, the five commissioners, and the two county employees in their official capacities. *Gilbert v. Richardson*, 264 Ga. 744, 746 (2), fn. 4 (452 SE2d 476) (1994). Since the collision occurred after January 1, 1991, the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983 is controlling on this issue. Pursuant to that constitutional provision, the defense of sovereign immunity to tort liability cannot be waived by the mere purchase of insurance coverage. *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 50 (1) (414 SE2d 638) (1992). That defense can only be waived pursuant to a "legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver." *Gilbert v. Richardson*, supra at 748 (3).

In the exercise of its constitutional authority to waive the defense of sovereign immunity, the General Assembly has enacted the Georgia Tort Claims Act (GTCA). OCGA § 50-21-20 et seq. However, the waiver of sovereign immunity afforded by that statute does not extend to a county. OCGA § 50-21-22 (5). A county's sovereign immunity has been waived pursuant to OCGA § 33-24-51 (b), but only "to the extent of the amount of liability insurance purchased for the negligence of [county] officers, agents, servants, attorneys, or employees *arising from the use of a motor vehicle*." (Emphasis supplied.) *Gilbert v. Richardson*, supra at 749 (4). OCGA § 33-24-51 (b) does not apply because the liability of appellees is not predicated upon their alleged negligent use of an insured motor vehicle. It follows that, under the current statutory scheme, sovereign immunity has not been waived by the General Assembly and remains a viable defense to appellants' claims. Compare *Gilbert v. Richardson*, supra at 751 (5).

This statutory scheme does not afford equal treatment to plaintiffs having tort claims against the state and its counties. Plaintiffs with tort claims against the state itself have the benefit of the broad waiver of sovereign immunity afforded by the GTCA, whereas OCGA § 33-24-51 (b) waives the sovereign immunity of a county only as to tort claims which arise out of the alleged negligent use of an insured motor vehicle. However, nothing in the 1991 constitutional amendment mandates that, in the exercise of its authority to waive the de-

fense of sovereign immunity, the General Assembly must afford equal treatment to all plaintiffs with tort claims against the state and its departments and agencies.

Although equality of treatment is not mandated by the 1991 constitutional amendment itself, "a law authorized generally by one provision of the Constitution may not contravene another provision of the Constitution. [Cits.]" *Glover v. Donaldson*, 243 Ga. 479, 482 (254 SE2d 857) (1979). However, there is no other provision of our constitution which guarantees equal treatment to plaintiffs having tort claims against the state and its counties. The bar of sovereign immunity neither results in a deprivation of property without just compensation nor constitutes a denial of equal protection or due process under the federal or state constitutions. *Robinson v. City of Decatur*, 253 Ga. 779 (1) (325 SE2d 752) (1985), overruled on other grounds, *Martin v. Ga. Dept. of Pub. Safety*, 257 Ga. 300, 303 (2), fn. 1 (357 SE2d 569) (1987). See also *Crowder v. Dept. of State Parks*, 228 Ga. 436, 440 (3) (185 SE2d 908) (1971). The due process and equal protection clauses of the federal and state constitutions protect only rights, not mere privileges, and discrimination in the grant of privileges is not a denial of equal protection to those who are not favored. *Schlesinger v. City of Atlanta*, 161 Ga. 148 (2) (b) (129 SE 861) (1925). A waiver of sovereign immunity is a mere privilege, not a right, and the extension of that privilege is solely a matter of legislative grace. *Sikes v. Candler County*, 247 Ga. 115, 117 (2) (274 SE2d 464) (1981).

Accordingly, although the current statutory scheme whereby a county is afforded sovereign immunity from tort liability results in unequal treatment, it is not unconstitutional. Any remedy for this unequal treatment lies with the General Assembly rather than the courts. "The immunity rule now has constitutional status, and solutions to the inequitable problems that it has posed and continues to pose must now be effected by the General Assembly." *Sheley v. Bd. of Public Ed.*, 233 Ga. 487, 488 (212 SE2d 627) (1975). Therefore, the trial court correctly granted summary judgment in favor of Laurens County, the five county commissioners, and the two county employees in their official capacities.

2. As to appellants' claims against the two county employees in their individual capacities, subsection (d) of the 1991 constitutional amendment provides no official immunity defense

> for ministerial acts negligently performed or for ministerial or discretionary acts performed with malice or an intent to injure. It, however, does provide immunity for the negligent performance of discretionary acts. . . .

*Gilbert v. Richardson*, supra at 753 (6).

Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case. *Nelson v. Spalding County*, 249 Ga. 334, 336 (2) (a) (290 SE2d 915) (1982). Here, there is no contention that the stop sign actually was missing and that the county employees failed to follow established procedures in replacing it. Compare *Nelson v. Spalding County*, supra at 336 (2) (a). The contention is that the stop sign had become obscured by the limbs from nearby trees and that the procedures established by appellee county employees for discovering and removing such obstructions were inadequate. This is an allegation that appellee county employees were negligent in their performance of a discretionary act. The decision on whether to adopt other or additional inspection and maintenance procedures

> is left to [their] personal judgment and is therefore discretionary and not ministerial. Although a public official is liable for damages to those injured by his omissions in performing ministerial duties, he is only liable for errors in the exercise of discretionary duties if his acts are wilful, malicious, or corrupt. [Cit.] While the adoption of more efficient procedures may be beneficial, we do not believe that [the county employees'] failure to implement different procedures amounts to such wilfulness or corruption of office. . . . [Their] decisions in adopting procedures should not be considered in determining [their] liability.

*Nelson v. Spalding County*, supra at 337 (2) (b). It follows that the trial court correctly granted summary judgment in favor of appellee county employees in their individual capacities.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 15, 1995.

*W. McMillan Walker, George L. French,* for appellants.
*Jones, Cork & Miller, Thomas C. Alexander, Jones, Hilburn, Claxton & Sanders, James V. Hilburn,* for appellees.