S98A0374. HARRY et al. v. GLYNN COUNTY et al.
(501 SE2d 196)

BENHAM, Chief Justice.

Michael Harry sued Glynn County and Franklin Wallace, an employee of Glynn County, for damages arising from the death of Harry's wife. Ms. Harry collapsed in a restaurant and Wallace was the paramedic who responded to the call for emergency aid and unsuccessfully treated her and transported her to a hospital. After her death, Harry contended in his suit that Wallace had failed to provide the proper treatment to Ms. Harry, causing her death, and that Glynn County was liable as his employer. Glynn County and Wallace raised, among other defenses, governmental immunity and official immunity. The trial court granted the defendants' motion for summary judgment on their immunity defenses.

1. With regard to Glynn County's immunity, Harry attacks on two grounds the validity of Art. I, Sec. II, Par. IX, Ga. Const. 1983, which provides counties with the shield of governmental immunity: that it conflicts with earlier provisions of the Constitution, and that the ballot pursuant to which the Constitution was amended to add that paragraph was defective. Assuming solely for the purpose of resolving this issue that there is any conflict between Art. I, Sec. II, Par. IX, and any earlier constitutional provision, the first contention is controlled adversely to Harry by our holding in *Copeland v. State,* 268 Ga. 375 (4) (490 SE2d 68) (1997), that an amendment will not be ineffectual or invalid merely because it conflicts with existing provi-

sions. The second argument is controlled adversely to him by our decision in *Donaldson v. Dept. of Transp.*, 262 Ga. 49 (1) (414 SE2d 638) (1992), upholding the validity of the amendment against the same challenge.

Harry also asserts that if counties are cloaked with governmental immunity, it was waived in this case by the purchase of insurance covering "the negligence of . . . employees arising from the use of a motor vehicle." OCGA § 33-24-51. He contends that the waiver applies because an ambulance was used to bring Wallace to the scene, because part of the diagnosis and treatment occurred while she was in the ambulance, and because it was used to transport Ms. Harry to a hospital. Whether an event arises from the "use" of a motor vehicle depends largely on the circumstances, and a bright-line definition is elusive. *Roberts v. Burke County School Dist.*, 267 Ga. 665, 667 (482 SE2d 283) (1997). What is clear, however, is that the alleged negligence must involve the use of the motor vehicle. "The procurement of insurance under this statute does not constitute a waiver of sovereign immunity with regard to personal injury caused by the county's negligence, unless the negligence of its 'officer, agent, servant, attorney, or employee' arises from the use of a motor vehicle. [Cits.]" *Simmons v. Coweta County*, 229 Ga. App. 550, 552 (494 SE2d 362) (1997). The alleged negligence in this case was Wallace's misdiagnosis and failure to use defibrillation, acts which did not involve the use of the ambulance. Indeed, Wallace's treatment of Ms. Harry began where she collapsed, and although she was moved to the ambulance and was transported in the ambulance, there is no evidence that the ambulance and its use played any part in Wallace's diagnosis or choice of treatment. Any negligence in his acts simply did not "arise from the use of a motor vehicle." Accordingly, we agree with the trial court that no waiver based on the purchase of insurance occurred in this case.

Since Harry's challenges to the constitutional provision for governmental immunity have no validity, the trial court was correct in holding that counties are afforded immunity from suit by that provision. *Gilbert v. Richardson*, 264 Ga. 744 (2) (452 SE2d 476) (1994). Since there has been no waiver of that immunity, the trial court was correct in granting summary judgment to Glynn County. That being so, there is no need to decide whether, under the facts of this case, Glynn County was entitled to immunity under OCGA § 31-11-8, which provides immunity to those who provide ambulance services without remuneration.

2. The trial court held that Wallace was entitled to official immunity because any negligence on his part arose during the discretionary performance of his official duties. "[T]he 1991 [constitutional] amendment provides . . . immunity for the negligent performance of

discretionary acts . . . ." *Gilbert v. Richardson*, supra at 753. Harry challenges the trial court's holding, contending that Wallace's actions were ministerial in that there was only one right way to treat Ms. Harry's condition. "Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case. [Cit.]" *Woodard v. Laurens County*, 265 Ga. 404 (2) (456 SE2d 581) (1995). It appears from the undisputed evidence in this case that Wallace's duty in responding to the emergency involved here was first to ascertain the condition of the patient, then to provide the treatment appropriate to that condition while transporting the patient to the hospital. " 'A discretionary act . . . calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.' [Cit.]" *Schulze v. DeKalb County*, 230 Ga. App. 305 (2) (496 SE2d 273) (1998). Under that definition, Wallace's actions were clearly discretionary.

Harry also argues that Wallace's sole duty was to his patient and that he was not, therefore, in the conduct of his official duties when he treated Ms. Harry. Based on that proposition and this Court's decision in *Keenan v. Plouffe*, 267 Ga. 791 (482 SE2d 253) (1997), Harry contends that Wallace may not claim official immunity. The key factor in *Keenan* which prevented reliance on official immunity was that the patient was a private patient. That factor is not present in this case and *Keenan* has no application here.

Since the record demands the conclusion that Wallace was in the conduct of his official duties and was engaged in discretionary actions, and there is no allegation of malice or intent to injure, he is protected by official immunity (*Gilbert*, supra) and was entitled to summary judgment in his favor. As was the case with Glynn County, therefore, we need not consider the question of statutory immunity under OCGA § 31-11-8.

3. Harry's attack on the grant of summary judgment in this case includes an argument that OCGA § 9-11-56 either is unconstitutional because it deprives litigants of their right to a jury trial or was misapplied in this case. We find neither ground of attack viable.

In *Tilley v. Cox*, 119 Ga. 867 (2) (47 SE 219) (1904), this Court held that a statute permitting directed verdicts did not deprive litigants of their right to a jury trial under our Constitution because "it is the province of the jury, in civil cases, to pass upon questions of fact, and a trial by jury in such cases presupposes an issue of fact; so if there be no such issue, there is nothing for a jury to pass on." The same reasoning applies equally to summary judgment since summary judgment may be entered only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law . . . ." Thus, if there is no issue of fact,

there is no right to a jury trial.

Contrary to Harry's argument, OCGA § 9-11-56 was not misapplied in this case. His argument in that regard is that certain evidence offered by Glynn County and Wallace could not be considered, leaving issues for determination by a jury. However, the issues to which the argument relates concern the merits of the negligence claim and the question of statutory immunity for providers of ambulance services, issues rendered moot by the trial court's holdings that Glynn County and Wallace were entitled to governmental and official immunity, respectively.

4. Finally, Harry contends that the failure of Glynn County and Wallace to inform all potential patients and the public that they are immune from suit for negligence committed in the performance of discretionary duties is a species of fraud which estops them from claiming immunity. The immunity involved in this case is a matter of constitutional law. All persons are presumed to know the law, so even if the defendants in this case had actively misrepresented the state of the law, there would be no actionable fraud. *Puckett Paving Co. v. Carrier Leasing Corp.*, 236 Ga. 891, 892 (225 SE2d 910) (1976). Harry's argument to the contrary is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1998.

*Killian & Boyd, Robert P. Killian*, for appellants.
*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland, W. Gary Moore*, for appellees.