S99A0407. HENDERMAN et al. v. WALTON COUNTY WATER & SEWERAGE AUTHORITY et al.
(515 SE2d 617)

FLETCHER, Presiding Justice.

David Henderman and Glenda Henderman brought suit against the Walton County Water and Sewerage Authority, its manager Wendell Geiger, and Hightower Consulting Engineers alleging that the defendants negligently designed, inspected, and maintained the

---

water lines into the Hendermans' home and that the Hendermans suffered personal and property damage from bacteria-laden water. The Hendermans appeal the trial court's grant of summary judgment to the Authority and Geiger on the grounds of sovereign immunity and to Hightower on the basis that the Hendermans failed to establish that Hightower committed any negligent act. Because the legislature did not exceed its authority in granting sovereign immunity to the Authority and because the record shows that there are no genuine issues of material fact with regard to the claims against Hightower, we affirm.

1. The legislation creating the Authority provides that it is "deemed to be a political subdivision of the State of Georgia" and that it "shall have the same immunity and exemption from liability for torts and negligence as Walton County."[1] The creation of a political subdivision of the state and the extension of immunity to that subdivision is within the authority of the legislature.[2] Therefore, the trial court did not err in granting summary judgment to the Authority on the basis of sovereign immunity.

2. The Hendermans sued Geiger in his individual capacity, alleging that he refused to flush the water lines in the subdivision following the Hendermans' request. The Hendermans contend that the decision to flush the lines was a ministerial act and therefore Geiger may be held liable if he acted negligently.[3] Geiger contends that the decision to flush the lines is discretionary and therefore he is entitled to immunity unless he acted with malice or an intent to injure.[4] Generally, a discretionary act is one that requires the examination of facts and the exercise of considered judgment before deciding on a course of action,[5] whereas a ministerial act is one that is a mandatory fixed obligation for which mandamus will lie to compel performance.[6] Whether an act is discretionary or ministerial depends on the facts of the case.[7]

There is no evidence in the record regarding any policy of the Authority that required flushing of lines when a customer complained. Rather, the evidence showed that the Authority left the decision on when to flush the lines to the judgment of the manager. Therefore, the decision to flush the lines is a discretionary act. Because the Hendermans presented no evidence to raise a triable

---

[1] 1972 Ga. Laws 3623.

[2] *Bowen v. Columbus, Georgia*, 256 Ga. 462, 464 (349 SE2d 740) (1986).

[3] See *Gilbert v. Richardson*, 264 Ga. 744, 753 (452 SE2d 476) (1994).

[4] Id.

[5] See *Harry v. Glynn County*, 269 Ga. 503, 505 (501 SE2d 196) (1998).

[6] *Lowe v. State*, 267 Ga. 754, 755-756 (482 SE2d 344) (1997); *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990).

[7] *Woodard v. Laurens County*, 265 Ga. 404, 407 (456 SE2d 581) (1995).

issue of fact regarding whether Geiger acted with malice or an actual intent to injure, the trial court properly granted summary judgment to Geiger.

3. The Hendermans also appeal the grant of summary judgment to Hightower. Hightower acted as a consultant to the Authority during the time that the Authority approved the design for the water system for the Hendermans' subdivision. The Hendermans, however, have not come forward with any evidence of a specific, negligent act on the part of Hightower that proximately caused the Hendermans' alleged injuries.[8] Therefore, the trial court properly granted summary judgment to Hightower.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 1999 —
RECONSIDERATION DENIED JUNE 4, 1999.

*Holland & Knight, Cheryl B. Reid, Thomas O. Marshall,* for appellants.

*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell, Lambert & Roffman, Allan R. Roffman, Bovis, Kyle & Burch, Christina A. Craddock, William S. Allred,* for appellees.

---

[8] See *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).