A06A1881. REECE et al. v. TURNER.
(643 SE2d 814)

BERNES, Judge.

Following the grant of their application for interlocutory review, Earl Reece, Susan Goldsmith, and Susan Gunderman appeal from the order entered by the State Court of Cobb County denying their motion for summary judgment on the damages claims brought against

---

them in their individual capacities by Mary Turner. The issue on appeal is whether appellants, as employees of the Cobb County public school system, were entitled to official immunity. In denying summary judgment to appellants, the trial court determined that, as a matter of law, appellants were not entitled to official immunity on the damages claims. We are constrained to disagree and therefore reverse.[1]

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a motion for summary judgment, and we review the evidence, with all reasonable conclusions and inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citation omitted.) *Auto-Owners Ins. Co. v. Parks*, 278 Ga. App. 444, 445 (629 SE2d 118) (2006).

So viewed, the record reflects that at all times relevant to this action, appellee Mary Turner was a student at Pebblebrook High School in Cobb County. Appellant Earl Reece was the director of the performing arts department at Pebblebrook. Appellant Susan Goldsmith was principal of Pebblebrook from 1986 to 1992, and appellant Susan Gunderman assumed that role from 1995 to 1999.

This appeal arises out of efforts by Turner to hold appellants responsible for her sexual molestation by nonparty Virgil Spaur, who served as the technical director of the performing arts department at Pebblebrook. Beginning in the 1996 academic year, Spaur initiated a pattern of inappropriate sexual conduct toward Turner, a 14-year-old freshman at Pebblebrook. The conduct, which occurred on and off school premises, lasted approximately nine months and included conversations of a personal nature, inappropriate touching, and having sexual intercourse with Turner, causing Turner to suffer severe emotional distress.

Spaur previously had sexually molested a minor female student at Pebblebrook in February 1992. Following an internal investigation, Reece and Goldsmith did not report the incident to the relevant child welfare agency, as required under OCGA § 19-7-5. However, Reece and Goldsmith did deliver a memorandum to Spaur that governed the future conditions for his employment in the performing arts department (the "1992 Memorandum"). The 1992 Memorandum

---

[1] We thus do not reach appellants' separate argument that they should have been granted summary judgment based on the affirmative defense of assumption of the risk.

was signed by Spaur and stated that his employment would continue "on a probationary basis."

The 1992 Memorandum listed certain "requirements and restrictions" placed upon Spaur. Paragraph four of the 1992 Memorandum provided: "An instructor must be supervising any activity where students are present. You are never to be alone with a student; the presence of an instructor will be required." In turn, paragraph five stated: "Any student(s) who is assigned to work in the [technical control] booth must be approved by Mr. Reece. If students are assigned to the booth, at least two students must be present." The 1992 Memorandum stated that "any infraction" of these paragraphs "[would] result in the immediate termination of [Spaur's] employment with Pebblebrook High School."

Four years later in 1996, Spaur repeatedly spent unsupervised time alone with Turner on school grounds, including in the technical control booth, resulting in their ongoing improper sexual relationship. Turner subsequently brought the instant suit against appellants in their individual capacities, alleging that they were liable for Spaur's misconduct. Turner contended that the 1992 Memorandum placed ministerial duties upon appellants requiring them to supervise Spaur and ensure that an instructor was always present whenever students were with him, and requiring Reece to approve all students who worked in the technical control booth with Spaur. Turner further contended that appellants had a ministerial duty under OCGA § 19-7-5 and school administrative regulations to report the 1992 incident to the relevant child welfare agency. According to Turner, appellants failed to carry out these ministerial duties, which allowed Spaur to have unimpeded contact with Turner during the 1996 academic year.

Appellants answered and thereafter filed a motion for summary judgment contending that Turner's damages claims brought against them in their individual capacities were barred by the doctrine of official immunity and the affirmative defense of assumption of the risk. The trial court denied the motion, but only addressed the official immunity argument. The trial court reasoned that based on the 1992 Memorandum, appellants' duties were ministerial in nature, which deprived them of official immunity. The trial court further determined that there was a genuine issue of material fact over whether appellants had negligently breached the duties imposed upon them by the 1992 Memorandum, rendering the grant of summary judgment to appellants inappropriate.

1. Appellants contend that the trial court erred in concluding that the 1992 Memorandum imposed ministerial rather than discretionary duties upon them, thereby depriving them of official immunity. We agree.

Under our law, a suit against a public officer acting in his or her official capacity will be barred by official immunity unless the public officer (1) negligently performed a ministerial duty, or (2) acted with actual malice or an actual intent to cause injury while performing a discretionary duty. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) (as amended 1991). In other words, public officials are immune from damages that result from their performance of discretionary functions, unless those functions were undertaken with malice or intent to cause injury.

(Citations, punctuation and emphasis omitted.) *Harper v. Patterson*, 270 Ga. App. 437, 440 (2) (606 SE2d 887) (2004).

In the present case, Turner has come forward with no evidence that appellants acted with actual malice or an actual intent to cause injury; as such, her personal injury damages claims are barred by the doctrine of official immunity unless she can show that appellants were exercising ministerial rather than discretionary duties. See *Butler v. McNeal*, 252 Ga. App. 68, 70 (555 SE2d 525) (2001); *Shuman v. Dyess*, 175 Ga. App. 213, 215 (2) (333 SE2d 379) (1985).

[A] ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

(Footnote omitted.) *Daley v. Clark*, 282 Ga. App. 235, 243 (2) (a) (638 SE2d 376) (2006). "[T]he determination of whether an action is discretionary or ministerial depends on the character of the specific actions complained of, not the general nature of the job, and is to be made on a case-by-case basis." *Wright v. Ashe*, 220 Ga. App. 91, 93 (469 SE2d 268) (1996).

Here, Turner relies upon paragraphs four and five of the 1992 Memorandum to support her argument that appellants breached ministerial duties. However, "[a]lthough framed in those terms," the crux of Turner's complaint against the appellants is that they negligently failed to supervise Turner as a student and Spaur as an employee in a manner sufficient "to protect [Turner] from molestation." *Harper*, 270 Ga. App. at 440 (2). As such, this case is controlled by our precedent holding that the making of decisions regarding the supervision of students and school personnel is a discretionary function requiring personal deliberation and judgment. Id. See *Leake*

*v. Murphy*, 274 Ga. App. 219, 225 (3) (617 SE2d 575) (2005); *Chamlee v. Henry County Bd. of Ed.*, 239 Ga. App. 183, 184 (1) (521 SE2d 78) (1999); *Perkins v. Morgan County School Dist.*, 222 Ga. App. 831, 835-836 (2) (476 SE2d 592) (1996).

Significantly, moreover, decisions concerning the supervision of students and school personnel are considered discretionary, "even where specific school policies designed to help control and monitor students have been violated." (Punctuation and footnote omitted.) *Leake*, 274 Ga. App. at 225 (3). See also *Harper*, 270 Ga. App. at 440 (2); *Chamlee*, 239 Ga. App. at 184 (1); *Perkins*, 222 Ga. App. at 836 (2); *Kelly v. Lewis*, 221 Ga. App. 506, 508-509 (471 SE2d 583) (1996); *Wright*, 220 Ga. App. at 93-94. Thus, the fact that the supervisory duties placed upon appellants were incorporated into an internal school policy document — the 1992 Memorandum — does not transform those duties into ministerial ones. See id.

Accordingly, we conclude that the trial court erred in holding that the 1992 Memorandum placed ministerial rather than discretionary duties upon appellants, and in holding that they were deprived of official immunity on that basis. The trial court's reasoning for denying summary judgment to appellants therefore was erroneous.

2. Relying upon the "right for any reason" rule, Turner contends that even if the 1992 Memorandum did not place ministerial duties upon appellants, the trial court nevertheless correctly denied summary judgment to appellants. In this regard, Turner alleges that appellants breached the ministerial reporting duty placed upon them by OCGA § 19-7-5, Ga. Comp. R. & Regs. rr. 160-4-8-.04, 505-6-.01, and Cobb County Board of Education Policy JG. According to Turner, these statutory and administrative provisions placed a ministerial duty upon appellants to notify the relevant child welfare agency of the sexual molestation committed by Spaur in 1992, which appellants failed to do. Turner further asserts that if such a report had been made, it is likely that it "would have had a chilling effect on Spaur's illicit and illegal conduct" and would have led him to avoid improper contact with other students such as Turner. We will address these statutory and administrative provisions each in turn.

(a) Turner first relies upon OCGA § 19-7-5, which imposes a duty upon school teachers and administrators, who have reasonable cause to believe that a child has been sexually abused, to report the abuse to the relevant child welfare agency. OCGA § 19-7-5 (c), (e) (1992). A knowing and wilful failure to make a required report of abuse is punishable as a misdemeanor. OCGA § 19-7-5 (h) (1992). However, we are constrained to hold based on binding precedent of this Court that OCGA § 19-7-5 does not create a private civil cause of action against those professionals who violate the reporting requirement; rather, those who violate the requirement are subject only to criminal

liability. See *McGarrah v. Posig*, 280 Ga. App. 808, 809-812 (635 SE2d 219) (2006); *Fulton-DeKalb Hosp. Auth. v. Reliance Trust Co.*, 270 Ga. App. 822, 824-826 (608 SE2d 272) (2004); *Vance v. T. R. C.*, 229 Ga. App. 608, 610-611 (1) (a) (494 SE2d 714) (1997); *Cechman v. Travis*, 202 Ga. App. 255, 256-257 (1) (414 SE2d 282) (1991). Thus, OCGA § 19-7-5 cannot provide a basis for civil liability against appellants based on our established case law.[2]

(b) Turner next relies upon Ga. Comp. R. & Regs. r. 160-4-8-.04, which requires that when there is reason to believe that a student under 18 years of age has been abused, a report must be made "to the Department of Family and Children Services of the county in which the student lives." Ga. Comp. R. & Regs. r. 160-4-8-.04 (1) (b), (c). However, Ga. Comp. R. & Regs. r. 160-4-8-.04 was clearly intended by the Georgia Department of Education to administratively implement the reporting guidelines set forth in OCGA § 19-7-5, since the regulation cites to OCGA § 19-7-5 as its statutory authority. It stands to reason that if OCGA § 19-7-5 does not support a private civil cause of action under our case law, neither can the administrative regulation implementing that statutory provision. Consequently, Turner cannot rely upon Ga. Comp. R. & Regs. r. 160-4-8-.04 as a basis for establishing civil liability against appellants for their alleged failure to report the 1992 incident.

(c) Turner's reliance upon Ga. Comp. R. & Regs. r. 505-6-.01 is likewise misplaced. Although Ga. Comp. R. & Regs. r. 505-6-.01 (3) (i) requires educators to report child abuse, the legislative history of the regulation reflects that it did not take effect until 2000. As such, Ga. Comp. R. & Regs. r. 505-6-.01 clearly did not place a ministerial duty upon appellants to report Spaur's act of sexual molestation in 1992.

(d) Finally, Turner relies upon Cobb County Board of Education Policy JG, as revised in August 1984. However, the 1984 version of the policy provides that reporting to the "appropriate authority" is required when there is information "that a child has been physically or sexually abused by a parent/guardian," but makes no mention of abuse by a third party, such as a teacher. In contrast, the 1995 revised version of the policy, which also is contained in the record, provides that certain school personnel who are informed

---

[2] We note that in 1994, the General Assembly enacted OCGA § 20-2-1184, which imposes reporting requirements upon a school principal or his or her designee for certain types of offenses (including sexual offenses) involving students committed upon school property or at a school function. See OCGA § 20-2-1184 (a) (3), (b). We have held that OCGA § 20-2-1184 imposes ministerial reporting duties upon school officials, the negligent breach of which can serve as the basis for civil liability. See *Bajjani v. Gwinnett County School Dist.*, 278 Ga. App. 866, 872-874 (2) (630 SE2d 103) (2006).

that a child has had physical injury or injuries inflicted upon him other than by accidental means by a parent/guardian or a caretaker, or has been neglected or exploited by a parent/guardian or a caretaker, *or has been sexually abused or exploited* shall report or cause a report to be made immediately to the appropriate authority.

(Emphasis supplied.) Based on standard rules of construction, we must presume that this revision in policy language in 1995 was a matter of considered choice and reflected an intent by the Cobb County Board of Education to change and expand the reporting requirement to include the reporting of sexual abuse *by a third-party nonparent/guardian.* Cf. *Inland Paperboard & Packaging v. Ga. Dept. of Revenue,* 274 Ga. App. 101, 104 (616 SE2d 873) (2005) ("When a statute is amended, from the addition of words it may be presumed that the legislature intended some change in the existing law.") (citation and punctuation omitted). As such, Turner has failed to show that appellants had a ministerial duty under the version of Policy JG in effect in 1992 to report the sexual abuse committed by Spaur.

For these reasons, we conclude that OCGA § 19-7-5, Ga. Comp. R. & Regs. rr. 160-4-8-.04, 505-6-.01, and Cobb County Board of Education Policy JG do not provide a basis for imposing civil liability upon appellants for negligent breach of a ministerial duty. Likewise, we conclude that the duties imposed upon appellants by the 1992 Memorandum were discretionary rather than ministerial in nature. Accordingly, Turner's damages claims against appellants are barred by the doctrine of official immunity as a matter of law, since Turner presented no evidence that appellants acted with actual malice or with an actual intent to cause injury. The trial court therefore erred in denying summary judgment to appellants.

*Judgment reversed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 19, 2007.
Official immunity. Cobb State Court. Before Judge Tanksley.
*Brock Clay, Carlton L. Kell,* for appellants.
*Hertz, Link & Smith, Mark D. Link, Houston D. Smith III,* for appellee.