### S08G1967. McDOWELL v. SMITH.
(678 SE2d 922)

CARLEY, Justice.

Antuan Smith filed a complaint alleging, among other things, that school receptionist Stacey McDowell is liable for negligently releasing Ms. Smith's first-grade daughter to the girl's noncustodial father. The trial court granted Ms. McDowell's motion for summary judgment, finding that her discretionary actions in releasing the child to the father are protected by official immunity. The Court of Appeals reversed the grant of summary judgment, finding that Ms. McDowell's acts were ministerial, and thus not within the scope of official immunity. *Smith v. McDowell*, 292 Ga. App. 731 (666 SE2d 94) (2008). We granted certiorari to consider this ruling.

On appeal from the grant of summary judgment, this Court must conduct a de novo review of the evidence, and view the undisputed facts in the light most favorable to the nonmoving party. *Merlino v. City of Atlanta*, 283 Ga. 186 (657 SE2d 859) (2008). Viewed in favor of Ms. Smith, the record shows that as the receptionist at Cook County Primary School, Ms. McDowell's duties included checking students out of school early. School policy provided that before releasing a student, she was required to check the student's information card to verify that the person picking up the child was actually authorized to do so. If the person was not listed on the card, the child could not be released, and an administrator had to be consulted. School policy further required her to consult with an administrator about any facsimile request for an early release.

One afternoon, Ms. McDowell received a telephone call and a facsimile note from a woman claiming to be Ms. Smith. The woman requested that Sidney Ledgester, the biological father of K. L., be allowed to pick the child up from school that day. Ms. McDowell looked for, but did not find, K. L.'s information card. She also checked K. L.'s file on the school computer, which contained no information about Ledgester. When Ledgester arrived at the school, Ms. McDowell checked his driver's license to confirm his identity. She then called K. L.'s teacher, who sent the child to the office. K. L. recognized her father and appeared happy to see him. Without consulting an administrator, Ms. McDowell released K. L. to Ledgester. K. L.'s grandmother later called to ask why the child was not on the school bus, and Ms. McDowell then realized that the earlier telephone call and facsimile note had not actually come from Ms. Smith. Ms. McDowell subsequently found the student information

card, which did not list Ledgester as a person to whom the child could be released.

> The doctrine of official immunity, also known as qualified immunity, . . . "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption." [Cit.] Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure. [Cit.] The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight. [Cits.]

*Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001). In this case, there is no evidence that Ms. McDowell acted with malice or an intent to injure. Therefore, the determination of whether she is entitled to official immunity turns on the issue of whether her actions were discretionary or ministerial.

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

*Murphy v. Bajjani*, 282 Ga. 197, 199 (1) (647 SE2d 54) (2007). Here, Ms. McDowell was not called on to exercise personal judgment, examine facts, reach reasoned conclusions or act in a way not specifically directed. On the contrary, she was merely required to execute specific duties as dictated by the school checkout policies. As the Court of Appeals found, these were

> hard and fast [policies] with no exceptions, [policies] which explicitly allowed for no discretion. [Ms. McDowell] repeatedly and positively testified that she had no discretion. The child was not to be released without consulting the card. [Ms. McDowell] released the child without consulting the card. If the parent sent a fax request for release, [Ms. McDowell] was instructed to consult an administrator. She did not.

*Smith v. McDowell*, supra at 734. Because Ms. McDowell's mandated

actions were simple, absolute and definite, and required the execution of specific tasks without any exercise of discretion, we conclude that they were ministerial functions. Compare *Murphy v. Bajjani*, supra at 199-200 (1) (statutorily-mandated creation of a school safety plan was a discretionary duty because it called for the exercise of personal deliberation and judgment); *Henderman v. Walton County Water & Sewerage Auth.*, 271 Ga. 192, 193 (2) (515 SE2d 617) (1999) (refusal to flush water lines after complaint by a customer was a discretionary act where no policy required flushing and decision left to judgment of water authority manager).

Ms. McDowell contends that this case is controlled by well-settled Georgia precedent holding that the duty to supervise, control and monitor students is a discretionary function. See *Reece v. Turner*, 284 Ga. App. 282, 285-286 (1) (643 SE2d 814) (2007); *Harper v. Patterson*, 270 Ga. App. 437, 440 (2) (606 SE2d 887) (2004); *Payne v. Twiggs County School Dist.*, 232 Ga. App. 175, 177 (2) (501 SE2d 550) (1998). She claims that the Court of Appeals erred in failing to follow this precedent and in relying instead on case law from other jurisdictions. However, the Court of Appeals, while not bound by the decisions of other states, certainly was at liberty to consider foreign authority. *Balmer v. Elan Corp.*, 278 Ga. 227, 229-230 (2) (599 SE2d 158) (2004). Moreover, the Court of Appeals conducted a thorough review of recent Georgia decisions and found that "a de facto absolute immunity for school employees has developed gradually across the last decade. Not one recent case exists in which the Georgia courts have found a ministerial duty on the part of a school employee." *Smith v. McDowell*, supra at 734. The Court of Appeals then properly determined that the instant case is factually distinguishable from those prior cases involving the discretionary function of supervising students. *Smith v. McDowell*, supra at 734-736.

In this regard, Ms. McDowell contends that the current case is similar to *Perkins v. Morgan County School Dist.*, 222 Ga. App. 831, 835-836 (2) (476 SE2d 592) (1996), which held that a secretary's early release of students pursuant to procedures set forth in a school handbook was a discretionary task. However, *Perkins* is materially different from this case because in *Perkins* the "rules in the handbook, when properly construed, required [the secretary] to exercise discretion as to the manner in which students were to be dismissed early from school." *Perkins v. Morgan County School Dist.*, supra at 835 (2). Conversely, as discussed above, the early release policies in this case did not allow for any exercise of discretion by Ms. McDowell, and instead required her merely to execute specific tasks.

" '(T)he determination of whether an action is discretionary or ministerial depends on the character of the specific actions complained of, not the general nature of the job, and is to be made on a

case-by-case basis.' [Cit.]" *Reece v. Turner*, supra at 285 (1). In this case, since the specific actions mandated by school policy are ministerial, the Court of Appeals correctly concluded that they are not within the scope of official immunity.

*Judgment affirmed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I respectfully dissent from the majority's opinion because I believe Ms. McDowell is entitled to official immunity. The majority opinion dismisses longstanding precedent that " '[m]onitoring, supervising, and controlling the activities of students is a discretionary action protected by the doctrine of official immunity.' " *Leake v. Murphy*, 274 Ga. App. 219 (2) (617 SE2d 575) (2005), overruled on other grounds, *Murphy v. Bajjani*, 282 Ga. 197 (647 SE2d 54) (2007). *Leake* is directly applicable to the case at bar. After an incident where a random man entered the school, the school adopted a policy whereby a person was required to stand in the lobby and make sure visitors entering the school signed in at the administration office which was adjacent to the lobby. In addition, the policy required the principal and her two staffers to monitor persons in the lobby by watching the lobby area from the glassed-in administrative office. The policy was in place for a year before the incident giving rise to the suit occurred. On the day of the incident leading to the suit, a mentally-ill man entered the school and severely injured a child. In contravention of the policy, there was no one stationed in the lobby to monitor visitors and the principal and her two staffers also failed to monitor the area from their office. The Court of Appeals held that the principal and her two staffers had official immunity because, although there was a stated policy in place, they could not be held liable for the complete failure to perform a discretionary act. Id. at 226. See also *Reece v. Turner*, 284 Ga. App. 282 (1) (643 SE2d 814) (2007) ("decisions concerning the supervision of students and school personnel are considered discretionary, 'even where specific school policies designed to help control and monitor students have been violated.' ") (citations omitted); *Perkins v. Morgan County School Dist.*, 222 Ga. App. 831 (2) (476 SE2d 592) (1996) (a discretionary duty is not transformed into a ministerial duty simply because a rule or policy has been promulgated concerning the discretionary activity); *Chamlee v. Henry County Bd. of Ed.*, 239 Ga. App. 183 (1) (521 SE2d 78) (1999) ("Supervision of students is considered discretionary even where specific school policies designed to help control and monitor students have been violated.").

Monitoring and supervising students includes checking them in and out of school. *Perkins v. Morgan County School Dist.*, supra, 222

Ga. App. 831. See also *Wright v. Ashe*, 220 Ga. App. 91 (469 SE2d 268) (1996) (enforcement of policies regarding students leaving campus is discretionary). As such, Ms. McDowell's failure to adhere to the check-out policy was a failure to perform a discretionary act for which she cannot be held liable. *Leake*, supra, 274 Ga. App. at 226. Holding otherwise has the effect of deterring nonsupervisory employees from working in schools, and other state government positions, for fear of being sued for missteps in following policies designed to perform discretionary acts.[1]

Here, Ms. McDowell attempted to adhere to what she believed was the proper policy and procedure, but was hindered by a series of routine omissions. She could not find a warning about releasing the child to the father because another coworker had not entered the warning into the computer; she could not locate the child's information card because she had not been made aware of a new filing system; and she could not locate an administrator for consultation. Ms. McDowell was also the victim of a fraud. Now, because of the day-to-day vagaries of running an office and because we have the benefit of hindsight to critique the breakdown of policy, Ms. McDowell, a school receptionist, stands to take the brunt of personal liability for this unfortunate incident. This result is in contravention of the official immunity doctrine that all state agents, no matter their status, are immune from liability for discretionary acts performed in the scope of their authority. Id. (principal and staff people had official immunity although policy was not followed); *Chamlee v. Henry County Bd. of Ed.*, supra, 239 Ga. App. at 184 (automotive shop instructor supervising students fixing cars had official immunity although policy was not followed); *Payne v. Twiggs County School Dist.*, 232 Ga. App. 175, 177 (2) (501 SE2d 550) (1998) (because supervising students is a discretionary act, the principal and bus driver were entitled to immunity for failure to enforce weapons policy). Accordingly, I would reverse the judgment by the Court of Appeals and reinstate the grant of summary judgment in favor of Ms. McDowell.

DECIDED JUNE 29, 2009.

*Claxton & Claxton, William P. Claxton, Darcy Sue DuVal*, for appellant.

---

[1] Alternatively, supervisory employees such as principals, vice principals, and department heads will be forced to perform such tasks as checking students in and out throughout the day, to the detriment of more salient concerns, in order to avoid liability.

*Kirk J. Post, Shiv K. Kapoor, David S. Bills*, for appellee.