MILLER, Judge,
dissenting.
I dissent from the majority’s opinion because Kevin Butler has failed to establish that there are no genuine issues of material fact.
As the party moving for summary judgment, Butler bore the burden of demonstrating that he was entitled to official immunity by showing that the specific acts he performed were discretionary. See Howell v. Willis, 317 Ga. App. 199, 203 (729 SE2d 643) (2012). Consequently, although the question of whether a governmental employee is entitled to official immunity is a question of law that must ultimately be decided by the trial court, where the relevant facts are in dispute, the trial court cannot resolve the factual issues on a motion for summary judgment. Nichols v. Prather, 286 Ga. App. 889, 896 (4) (650 SE2d 380) (2007). Instead, a jury must resolve the conflicting facts. Id.
Here, Doe alleged that Butler was negligent for leaving her and another student alone in the locked chorus room. In support of her claim that Butler was required to ensure her attendance at the concert, Doe submitted Butler’s job description indicating that he had a duty to maintain prompt and regular attendance. Although Butler presented evidence that attendance taking at after-school events was not mandatory, Doe averred that her attendance was mandatory and that attendance was taken. Moreover, Butler deposed that, as a teacher advisor for the color guard, he had a responsibility to make certain that the participating students either had a ride home *435 following the group’s performance or stayed for the concert. Doe presented evidence that Butler did not ask the students about their plans. Instead, Butler left the students alone in the locked chorus room and went to the concert, whereupon Doe was sexually assaulted by another student.
The evidence does not show as a matter of law that the acts of ensuring that the students had a ride home or were going to attend the concert required Butler to exercise personal judgment, examine facts, reach reasoned conclusions, or act in a way not specifically directed. Instead, making sure that students are either picked up following an after-school activity, or attend a subsequent after-school activity, such as the choral concert in this case, is a simple, absolute, and definite action. See McDowell v. Smith, 285 Ga. 592, 593-594 (678 SE2d 922) (2009). In light of this evidence, there is a question of fact regarding Butler’s duties following the color guard performance that precludes the grant of summary judgment. See Dalton v. City of Marietta, 280 Ga. App. 202, 203 (633 SE2d 552) (2006) (“Even slight evidence will be sufficient to satisfy the plaintiff’s burden of production of some evidence on a motion for summary judgment; such evidence may include favorable inferences drawn by the court from the evidence presented.”) (citation and punctuation omitted).
Teachers and school employees have an important responsibility to protect our children, and it is unwise to advance the “de facto absolute immunity for school employees” that has developed in our case law where questions of fact remain. See McDowell, supra, 285 Ga. at 594 (noting only one recent case in which this Court has held that a school employee’s actions were ministerial). Providing such absolute immunity to school employees
abrogates the constitutional right of citizens to seek redress for injuries inflicted by the ministerial acts of school employees, especially upon young children who are not capable of caring for themselves or exercising judgment. If Georgia school employees are to be clothed with absolute immunity under any and all circumstances, that is a decision to be made by the Georgia General Assembly; it is not the function of this, or any, court.
Smith v. McDowell, 292 Ga. App. 731, 737 (666 SE2d 94) (2008). Since Butler has not shown that the undisputed evidence established that his actions were discretionary, he has failed to establish that he was entitled to official immunity. Accordingly, I would affirm the trial court’s denial of Butler’s motion for summary judgment.
*436 Decided July 16, 2014.
Harben, Hartley & Hawkins, Phillip L. Hartley, Hieu M. Nguyen, for appellant.
Marc P Lubatkin, for appellees.
I am authorized to state that Chief Judge Phipps joins in this dissent.